**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

------------------------------------------------------------------

In Re:
Edgar G. Finn, Sr.
Raynell Finn

**CHAPTER 13 PLAN**

Dated:  July 16, 2004

Debtor(s).

Case No.: _____

------------------------------------------------------------------

1. **PAYMENTS BY DEBTOR -**

   a.  As of the date of this plan, the debtor has paid the trustee $ 0
   b.  After the date of this plan, the debtor will pay the trustee $295.00 per month for 46 months, beginning within 30 days after the filing of this plan for a total of $13,570.00.
   c.  The debtor will also pay the trustee any net proceeds received from claim for insurance payment for damaged 1999 Cadillac DeVille.
   d.  The debtor will pay the trustee a total of $13,570.00 [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE-** The trustee will make payments only to creditors for which proofs of claim have been filed, make payments monthly as available, and collect the trustee's percentage fee of 10% for a total of $1357.00 [line 1(d) /1.1 x .10] or such lesser percentage as may be fixed by the Attorney General.  For purposes of this plan, month one (1) is the month following the month in which the debtor makes the debtor's first payment.  Unless ordered otherwise, the trustee will not make any payments until the plan is confirmed.  Payments will accumulate and be paid following confirmation.

3. **PRIORITY CLAIMS -** The trustee shall pay in full all claims entitled to priority under §507, including the following.  The amounts listed are estimates only.  The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beginning In Month # | Number Of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a.  Attorney Fees | $1250.00 | $277.00 | 1 | 5 | $1250.00 |
| b.  Internal Revenue Serv. | $897.00 | $pro rata | 34 | 8 | $897.00 |
| c.  Minn. Dept. of Revenue | $1396.00 | $pro rata | 34 | 8 | $1396.00 |
| d. | $ | $ | | | $ |
| e.  TOTAL | | | | | $3543.00 |

4. **LONG-TERM SECURED CLAIMS NOT IN DEFAULT  -** The following creditors have long term secured claims.  Payments are current and the debtor will continue to make all payments which come due after the date the petition was filed directly to the creditors.

   a. Ameriquest Mortgage _____
   b. _____

5. **HOME MORTGAGES IN DEFAULT (§1322(b)(5)] -** The trustee will cure defaults on claims secured only by a security interest in real property that is the debtor's principal residence as follows.  The debtor will maintain the regular payments which come due after the date the petition was filed.  The creditors will retain their liens.  The amounts of default are estimates only.  The trustee will pay the actual amounts of default.

| Creditor | Amount Of Default | Monthly Payment | Beginning In Month # | Number Of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a.  Ramey County Property Tax | $2,500.00 | $100.00 | 6 | 25 | $2,500.00 |
| b. | $ | | | | $ |
| c. | $ | | | | $ |
| d.  TOTAL | | | | | $2,500.00 |

6. **OTHER LONG-TERM SECURED CLAIMS IN DEFAULT [1322(B)(5)] -** The trustee will cure defaults (plus interest at the rate of 8 percent per annum) on other claims as follows and the debtor will maintain the regular payments which come due after the date the petition was filed.  The creditors will retain their liens.  The amounts of default are estimates only.  The trustee will pay the actual amounts of default.

| Creditor | Amount Of Default | Monthly Payment | Beginning In Month # | Number Of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. | $ | | | | $ |

7. **OTHER SECURED CLAIMS [§1325(a)(5)] -** The trustee will make payments to the following secured creditors having a value as of confirmation equal to the allowed amount of the creditor's secured claim using interest rate of 6%. The creditor's allowed secured claim shall be the creditor's allowed claim or the value of the creditor's interest in the debtor's property, whichever is less. The creditors shall retain their liens. NOTE: NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S COLLATERAL VALUE BINDS THE CREDITOR PURSUANT TO 11 U.S.C. §1327 AND CONFIRMATION OF THE PLAN WILL BE CONSIDERED A DETERMINATION OF THE VALUE OF THE CREDITOR'S INTEREST IN THE DEBTOR'S PROPERTY UNDER 11 U.S.C. §506(a). Payment schedule is an estimate only.

| Creditor | Claim Amount | Secured Claim | Monthly Payment | Beginning In Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. Systems & Services | $4,575.00 | $4,575.00 | $177/277* | 6 | 28 | $5041.00 |
| b. | $ | $ | $ | | | $ |
| c. | $ | $ | $ | | | $ |

*$177.00 per month for 25 months, followed by $277.00 per month for 2 months, and final payment of $62.00.

d. TOTAL     $5041.00

8. **SEPARATE CLASS OF UNSECURED CREDITORS -** In addition to the class of unsecured creditors specified in paragraph 9, there shall be a separate class of nonpriority unsecured creditors described as follows: _____
   a.     The debtor estimates that the total claims in this class are $_____ .
   b.     The trustee will pay this class $_____ .

9.     **TIMELY FILED UNSECURED CREDITORS -** The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under paragraphs 2, 3, 5, 6, 7 and 8 their pro rata share of approximately $1,129.00 [line 1(d) minus lines 2, 3(e), 5(d), 6(d), 7(d) and 8(b)].

   a.     The debtor estimates that the total unsecured claims held by creditors listed in paragraph 7 are $_____ .
   b.     The debtor estimates that the debtor's total unsecured claims (excluding those in paragraph 7 and paragraph 8) are $60,474.19 .
   c.     Total estimated unsecured claims are $ 60,474.19 [line 9(a) + line 9(b)].

10. **TARDILY-FILED UNSECURED CREDITORS -** All money paid by the debtor to the trustee under paragraph 1, but not distributed by the trustee under paragraphs 2, 3, 5, 6, 7, 8 or 9 shall be paid to holders of nonpriority unsecured claims for which proofs of claim were tardily filed.

11. **OTHER PROVISIONS - The Trustee may distribute funds not allocated above at his discretion.**
   **a.** Upon completion of payment of the secured portion of any claim, the property securing said claim shall vest in the debtor free and clear of any lien, claim or interest of the secured creditor.
   **b.** In the event a creditor is inadvertently omitted from the schedules and Debtor sends them notice of the case after the time period for timely filing claims has expired, and if said creditor files a late claim, trustee shall pay said creditor in the same manner as timely filed claims.
   **c.** The stay pursuant to 11 U.S.C. Sec 362 (a) shall not prevent deduction of current child support payments from debtor's wages.
   **d. Debtor will continue to pay the debt for criminal restitution direct to Dakota County Department of Economic Assistance and not through the trustee.**

12. **SUMMARY OF PAYMENTS -** .

| | |
|---|---|
| Trustee's Fee [Line 2] | $ 1357.00 |
| Priority Claims [Line 3(e)] | $ 3543.00 |
| Home Mortgage Defaults [Line 5(d)] | $ 2500.00 |
| Long-Term Debt Defaults [Line 6(d)] | $ |
| Other Secured Claims [Line 7(d)] | $ 5041.00 |
| Separate Class [Line 8(b)] | $ |
| Unsecured Creditors [Line 9] | $ 1,129.00 |
| TOTAL [must equal Line 1(d)] | $ 13,570.00 |

Gregory J. Wald  ID #165244
Attorney for Debtor(s)
3601 Minnesota Drive, Suite 800
Edina, MN 55435
(952) 921-5802

Signed_____
    DEBTOR

Signed_____
    DEBTOR (if joint case)